People v Viggiano (2018 NY Slip Op 00444)





People v Viggiano


2018 NY Slip Op 00444


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-02242
 (Ind. No. 211/14)

[*1]The People of the State of New York, respondent,
v
Dante Viggiano, appellant.


Eric Nelson, Staten Island, NY, for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered February 25, 2016, convicting him of murder in the first degree, murder in the second degree, attempted murder in the second degree, burglary in the second degree, and assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On the night of August 31, 2014, the defendant broke into the home of a husband and wife and stabbed them both repeatedly in the head and neck. The husband died from his injuries. Prior to trial, defense counsel notified the People that he would present the affirmative defense of mental disease or defect (see CPL 250.10[1]). Following the presentation of the People's direct case, defense counsel sought to present the defense of diminished capacity, alleging that the defendant's schizophrenia diminished his capacity to form the intent to commit the subject crimes. Defense counsel conceded that he did not give the People proper notice of this defense (see CPL 250.10[3]). The Supreme Court denied the application.
The defendant then presented the testimony of his mother and brother. His mother testified that he was first hospitalized for psychosis in 2010, when he was 16 years old. His mother and brother both testified regarding his past irrational behaviors, which included cutting himself with knives. The defendant further presented the testimony of two psychiatrists, both of whom diagnosed him with a mental disease.
In rebuttal, the People presented the testimony of two forensic psychologists and a psychiatrist. The People's psychiatrist agreed that the defendant suffered from schizophrenia, but opined that he was criminally responsible for his actions. The psychiatrist read into the record an undated entry from the defendant's journal, which appeared after a journal entry dated July 15, 2014. The undated entry stated, in part, "Example, commit murder in a specific way. Don't leave any traces." The psychiatrist testified that this entry demonstrated that the defendant was thinking about committing a murder and hiding the evidence, which showed that the defendant "could appreciate that killing was wrong and that it was illegal and something that needed to be hidden."
Viewing the evidence in the light most favorable to the defendant, there was no reasonable view of the evidence that would have permitted the jury to conclude that the defendant lacked the ability to form the requisite intent. Therefore, no specific instructions to the jury were required on that issue (see People v Sparks, 29 NY3d 932, 934; People v Odinga, 143 AD2d 202). The jury was instructed that intent means a "conscious objective or purpose," which was an element of each of the crimes charged that had to be established beyond a reasonable doubt. No objection was raised to the instructions as given.
The defendant's remaining contentions are without merit.
BALKIN, J.P., HALL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court